UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 DEC 13 P 12:09

CLERK_____
SO. DIST. OF GA.

| | |
|---|---|
| **GENERAL CIGAR CO., INC.**, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SOUTHERN SMOKE, L.L.C.**, a Georgia limited liability company, **CORNER CIGARS DISTRIBUTING, INC.** (a/k/a CornerCigars.com), a Georgia corporation, **SEMINOLE CIGAR FACTORY**, a fictitious name filed in Florida, **VICTOR SINCLAIR, INC.**, a Georgia corporation, **BIG DOG CIGAR, L.L.C.**, a Florida limited liability company, **DOMINICAN CIGARS LTD.** (a/k/a DomCigars.com, a/k/a CheapCigarBundles.com, a/k/a Dominican Cigars Direct), a Nevada limited liability company, **WILLIAM A. RHODES**, individually, **BENJAMIN T. IANUZZI**, individually, **YOSELIN GARCIA**, individually and **CHARLES R. CREEKMORE**, individually,<br><br>Defendants. | Civil Action No: CV206-202<br><br>**STIPULATED PROTECTIVE ORDER** |

IT IS HEREBY STIPULATED AND AGREED by and between plaintiff General Cigar, Inc. ("General Cigar") and defendants Southern Smoke, L.L.C., Corner Cigars Distributing, Inc. (a/k/a CornerCigars.com), Seminole Cigar Factory, Victor Sinclair, Inc., Big Dog Cigar, L.L.C., William A. Rhodes, Benjamin T. Ianuzzi, and Charles R. Creekmore, through their respective undersigned counsel, as follows:

1. This Stipulated Protective Order shall apply to all information, however otherwise defined that is obtained and disclosed by a party to this action during the course of the above-captioned litigation, including, but not limited to, information disclosed: during discovery,

hearing or trial; in any pleading, affidavit; brief, motion, transcript or other writing; or in any testimony given at deposition, hearing, or trial ("Litigation Materials").

2. Nothing in this Order shall impose any restriction on the use or disclosure by a party of (1) its own documents and information; (2) information, not otherwise subject to any protective order or (3) to any other information and documentation that is properly obtained from sources other than a party to this action, and is not designated by such producing third-party as confidential or otherwise sensitive personal or business information.

3. For purposes of this Order, "HIGHLY CONFIDENTIAL" or "TIER 1 Information" shall mean all information or materials, including documents and portions of deposition transcripts, that constitute information that the producing party, in good faith, believes are of a currently highly competitively sensitive nature - *i.e.*, information that a party, in good faith, believes would result in competitive harm in the market place, or other business or financial harm, if the information were disseminated to persons other than those specifically identified in this Paragraph.

   (a) The parties agree that this category of information is to be applied by the producing party as narrowly as possible, consistent with the party's good faith belief as to the need to preserve the confidentiality of the Tier 1 Information. Tier 1 Information may be disclosed only to the following:

   (1) attorneys of record in this action and their stenographic, clerical, secretarial, paralegal, or other personnel whose functions make it appropriate for them to have access to Tier 1 Information;

(2) the Court (and any appellate court), including court personnel, jurors, and alternate jurors; court reporters to the extent necessary to allow them to record court proceedings and depositions in the Litigation; and

(3) independent consultants or expert witnesses, who have been engaged by one or more parties in connection with this litigation.

(b)     With respect to persons in category (3) above, they may receive Tier 1 Information from an opposing party only if they have been provided with a full copy of this Order and have executed a copy of the "Protective Order Undertaking" attached hereto as Exhibit A.

4.      For purposes of this Order, "CONFIDENTIAL" or "TIER 2 Information" shall mean all information or materials, including documents and portions of deposition transcripts, that constitute information that the producing party, in good faith, believes is confidential financial, business, or commercial information, but is not included within Tier 1 Information. Tier 2 Information may be disclosed to counsel of record and, pursuant to the procedures outlined below to any "Qualified Recipient" defined as follows:

(a)     The Court (and any appellate court), including court personnel, jurors and alternate jurors.

(b)     Court reporters to the extent necessary to allow them to record court proceedings and depositions in the Litigation.

(c)     Outside counsel for the parties to the Litigation and their stenographic, clerical, secretarial, paralegal, or other personnel whose functions make it appropriate for them to have access to all Protected Information in connection with the prosecution and defense of this litigation.

(d)     In-house attorneys for the parties to the Litigation and their stenographic, clerical, secretarial, paralegal, or other personnel whose functions make it appropriate for them to have access to Tier 2 Information in connection with the prosecution and defense of this litigation, and who have executed a "Protective Order Undertaking" attached hereto as Exhibit A before receiving any such Tier 2 Information.

(e)     Senior executives (including any person assisting such executives) of the parties to the Litigation (as designated in a separate list to be exchanged by the parties, such list may be amended), where review of Tier 2 Information is in connection with the prosecution and defense of this litigation, and who have executed a "Protective Order Undertaking" attached hereto as Exhibit A before receiving any such Tier 2 Information.; and

(f)     Any independent consultants or expert witnesses or other persons employed for purposes of this litigation by the foregoing and their stenographic, clerical, secretarial, or other personnel whose functions make it appropriate for them to have access to all Protected Information in connection with the prosecution and defense of this litigation, and who have executed a "Protective Order Undertaking" attached hereto as Exhibit A before receiving any such Tier 2 Information.

5.     Parties and non-parties may designate documents or other tangible Litigation Materials as Tier 1 or Tier 2 Information ("Protected Information") in the following manner:

(a)     Tier 1 Information shall be designated by stamping or affixing thereto in red or black ink the legend "HIGHLY CONFIDENTIAL -- SUBJECT TO

PROTECTIVE ORDER" on the cover or first page or as necessary to indicate the designation (or relevant portion thereof) and, as to multi-page documents, on each page (or relevant portion thereof) containing "highly confidential" information.

(b) Tier 2 Information shall be designated by stamping or affixing thereto in red or black ink the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" on the cover or first page or as necessary to indicate the designation (or relevant portion thereof) and, as to multi-page documents, on each page (or relevant portion thereof) containing confidential information.

(c) The parties or non-parties and their attorneys shall make a good faith effort to designate as Tier 1 and Tier 2 Information only such documents and information that are appropriate to those respective levels of confidential treatment, as set forth above. The parties agree that only that portion of a document or other tangible Litigation Materials constituting Protected Information shall be designated as such in accordance with the terms set forth above.

6. The parties or non-parties may designate deposition or other testimony as Protected Information by stating orally on the record that the information is Protected Information on the day the testimony is given.

(a) Testimony so designated as Protected Information prior to transcription shall be placed by the reporter in a separate volume.

(b) Parties or non-parties may also designate deposition or other testimony as Protected Information by sending written notice within ten (10) days after the parties receive transcripts of the testimony.

(c) Prior to the termination of this ten (10) day period, all deposition or other testimony shall be considered Tier 1 information unless otherwise agreed by the parties.

7. Protected Information shall be entitled to confidential treatment pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

(a) Each person to whom Protected Information is disclosed under this Stipulated Protective Order shall use the Protected Information only for the prosecution or defense of this litigation and shall not otherwise disclose it to any person who is not eligible to receive such information under this Stipulated Protective Order.

(b) All Protected Information shall be carefully maintained so as to preclude access by persons who are not eligible to receive it.

(c) However, this Order does not and shall not prohibit disclosure of a document containing Protected Information to persons indicated on the face of such document as having been author(s) or recipient(s) of such document in the form produced.

8. If a receiving party, in good faith, believes a disclosure of Protected Information to any person other than an eligible person, including those persons noticed for depositions or designated as trial witnesses, is necessary for the prosecution or defense of this litigation, the receiving party must give at least ten (10) days written notice to the producing party of such intended disclosure.

(a) The written notice shall identify with precision:

(1) the Protected Information to be disclosed;

(2) the person, or persons to whom the identified Protected Information will be disclosed; and

(3) the purpose of the disclosure in detail.

(b) If the producing party objects to the intended disclosure, counsel will attempt to resolve the dispute among themselves.

(c) In the event the parties fail to resolve such dispute informally, the producing party may, within the 10-day notice period, apply for relief to the Court.

(1) The burden on any such application shall be on the producing party to demonstrate why the information is subject to the protections set forth in this Order.

(2) Unless and until the Court decides the application, the receiving party shall not make the intended disclosure.

(3) Any disclosure shall be made in accordance with the Court's Order or the application.

9. Every person, except outside counsel for the parties to the Litigation and court personnel, and their stenographic, clerical, secretarial, paralegal, or other personnel whose functions require access to the Protected Information, and jurors, who receives Protected Information shall read this Order and execute a "Protective Order Undertaking" attached hereto as Exhibit A before receiving any such Protected Information, stating that the person has read, understands and agrees to be bound by the terms of this Order. Counsel for the parties shall maintain a file containing the "Protective Order Undertakings" executed by each such person to whom disclosure of Protected Information is made by such counsel.

10. The receiving party, and all persons to whom disclosure of Protected Information is made, must take all reasonable measures to ensure that they abide by the terms of this Protective Order. The Court has jurisdiction to hear and determine applications for appropriate sanctions for any violation of this Order.

11. Protected Information shall not be copied or otherwise reproduced by a receiving party, except for transmission to eligible recipients. Nothing herein, however, shall restrict an eligible recipient from making copies, abstracts, digests, and analyses of Protected Information for use in connection with the prosecution or defense of this litigation. Such working copies, abstracts, digests, and analyses shall themselves be deemed Tier 1 or Tier 2 Information, respectively, under the terms of this Order.

12. This Order shall not restrict (or enlarge) the parties' rights to offer evidence at trial, provided that the parties shall attempt to agree upon the conditions under which Tier 1 or Tier 2 Information shall be used at trial and, if they are unable to agree, the Court shall order appropriate protections for any Tier 1 or Tier 2 Information the parties seek to use at trial. Any party filing in the Court any document containing Protected Information shall seal such documents in a closed envelope and shall attach thereon a label containing the case caption and the following legend:

> CONFIDENTIAL INFORMATION -- UNDER PROTECTIVE ORDER
>
> The enclosed document has been filed under seal pursuant to terms of a Protective Order entered in this action. This envelope shall not be opened or its contents disclosed or examined without order of the Court. Violation thereof may be regarded as contempt of the Court.

13. Nothing in this Order shall prevent a party, in good faith, from contending that any or all information designated as Protected Information should not be subject to this Order or that

materials designated as Tier 1 or Tier 2 Information has been improperly designated by the producing party.

(a) A party may at any time request the designating party to cancel the designation of information as Tier 1 or Tier 2 Information with respect to any information and to agree that, thereafter, such information shall no longer be subject to the provisions of this Order.

(b) A party also may request that the producing party re-designate information from Tier 1 Information to Tier 2 Information.

(c) Any such request shall be written, shall be served on counsel for the producing party, shall identify the Protected Information that the requesting party contends should not be subject to this Order or should be re-designated and should indicate the receiving party's basis for the requested re-designation.

(1) Where a party has made such a request, the parties shall confer to attempt to resolve the issue within seven (7) business days from actual receipt of the written objection.

(2) To the extent any designation of Protected Information is challenged before the Court, the producing party will bear the burden of demonstrating why the information in contention was properly designated.

14. Nothing in this Protective Order shall prevent a party, in good faith, from designating or re-designating a document or information that has already been produced to another party, in which case the receiving party shall thereafter treat the document or information as re-designated.

(a) In the event that two copies of a document or information are produced under different designations, the more restrictive designation shall apply.

(b) In the event that two copies of the same document or information are produced by different parties, the designation of the creating party shall govern.

(c) The designation of information as Protected Information, pursuant to this Order, shall not be construed as a concession by a producing party that such information is relevant or material to any issue or is otherwise discoverable, or by a receiving party that such information is, in fact, confidential or sensitive financial business, or commercial information.

15. Nothing in this Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Protected Information; provided, however, that in rendering such advice and otherwise communicating with such clients, counsel shall not make specific disclosure of any item so designated except as otherwise provided herein.

16. This Order shall be without prejudice to the right of any party to oppose production of any information, the production of which has not already been ordered by the Court, for lack of timeliness or relevance or any other ground.

17. Parties receiving Tier 1 or tier 2 Information must take all reasonable measures to ensure that they abide by the terms of this Order. If counsel becomes aware of any violation of this Order, whether intentional or otherwise, they shall immediately notify opposing counsel in writing and shall take such steps as are reasonably necessary to remedy or minimize the damage resulting from such violation. The Court has jurisdiction to hear and determine applications to punish any violation of this Order.

18. The production of any Litigation Materials during the Litigation shall be without prejudice to any claim that such materials either are privileged or are protected from discovery as work product within the meaning of Rule 26 of the Federal Rules of Civil Procedure, and no party shall be held to have waived any rights under any privilege or under Rule 26 by such production.

19. Upon receiving a demand from a producing party for return of such material, the receiving party shall promptly comply by returning the requested material (and all copies that have been made) and shall not use the material in any way until the validity of the claim of exemption from discovery has been resolved by the parties or by the Court.

20. Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by the attorney of record for the party against whom such waiver will be effective.

21. If, at any time, there is a change in counsel for the receiving party or if the receiving party is no longer represented by counsel, all Tier 1 Protected Information shall be returned to the producing party or transferred directly to the receiving party's new counsel. At no time shall any party to this action have access to or possession of any Tier 1 Protected Information.

22. Upon final termination of the Litigation, including all appeals, counsel of record for the parties may retain one copy of one complete set of all Litigation Materials, including Tier 1 and Tier 2 Protected Information (the "File Set"). All other Litigation Materials, other than the File Set, shall be treated as follows. The receiving party shall, within thirty (30) days, return to the producing party or destroy all Litigation Materials designated as Tier 1 or Tier 2 Protected Information, (and all copies) except for pleadings and deposition transcripts and other materials that have been physically filed with the Court. In addition, the receiving party shall either return

to the producing party or destroy, in whatever form stored or reproduced, all other Litigation Materials, except for pleadings and deposition transcripts and other materials that have been physically filed with the Court, including, but not limited to, correspondence, memoranda, notes, and other work-product materials, which contain or refer to Protected Information. All Protected Information not embodied in physical objects and documents shall remain subject to this Order. In the event that any party chooses to destroy physical objects and documents, such party shall certify within thirty (30) days that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge.

23.   The parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

24.   This Order is entered without prejudice to the right of any party or non-party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order.


DATED this 11th day of December, 2006.

_/s/ Walter C. Hartridge_
Walter C. Hartridge, Esq.
Georgia State Bar No. 334900
BOUHAN, WILLIAMS & LEVY, LLP
447 Bull Street
Savannah, Georgia 31401

William W. Robertson
John F. Olsen
Owen J. McKeon
ROBERTSON, FREILICH, BRUNO & COHEN, LLC
One Riverfront Plaza, 9th Floor
Newark, New Jersey 07102

Attorneys for Plaintiff General Cigar Co., Inc.

_/s/ N. Daniel Lovein_
N. Daniel Lovein, Esq.
Georgia State Bar No. 459329
HALL BOOTH SMITH & SLOVER, P.C.
3528 Darien Highway
Suite 300
Brunswick, GA 31525

James G. Killough
Georgia State Bar No. 417900
3191 Paces Ferry Place, Suite 200
Atlanta, Georgia 30305

Attorney for Southern Smoke, L.L.C., Corner Cigars Distributing, Inc., Seminole Cigar Factory, Victor Sinclair, Inc., Big Dog Cigar, L.L.C., William A. Rhodes, Benjamin T. Ianuzzi and Charles R. Creekmore

SO ORDERED.

Dated: December 13, 2006

_/s/ James E. Graham_
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

Brunswick Division

| | |
|---|---|
| GENERAL CIGAR Co., INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SOUTHERN SMOKE, L.L.C., a Georgia limited liability company, CORNER CIGARS DISTRIBUTING, INC. (a/k/a CornerCigars.com), a Georgia corporation, SEMINOLE CIGAR FACTORY, a fictitious name filed in Florida, VICTOR SINCLAIR, INC., a Georgia corporation, BIG DOG CIGAR, L.L.C., a Florida limited liability company, DOMINICAN CIGARS LTD. (a/k/a DomCigars.com, a/k/a CheapCigarBundles.com, a/k/a Dominican Cigars Direct), a Nevada limited liability company, WILLIAM A. RHODES, individually, BENJAMIN T. IANUZZI, individually, YOSELIN GARCIA, individually and CHARLES R. CREEKMORE, individually,<br><br>Defendants. | Civil Action No: CV206-202<br><br>PROTECTIVE ORDER UNDERTAKING<br><br>EXHIBIT A<br>TO<br>STIPULATED PROTECTIVE ORDER |

I, _____, upon my oath hereby declare as follows:

1.     I have received, and read the attached Protective Order and fully understand and agree to be fully bound by its terms and conditions.

2.     I understand that any violation of the terms and conditions of the Protective Order may be regarded as contempt of Court, and that I can be subject to punishment for willfully violating any of the provisions of the Protective Order.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed this __ day of _____, 20__,                      _____
at _____, _____.                                          [Signature]